**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30417 |
| Plaintiff - Appellee, | D.C. No. 1:05-CR-30013-AA-2 |
| v. | |
| RODRIGO NIEVES-CORTEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted October 5, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

   Defendant Rodrigo Nieves-Cortez appeals his jury trial conviction of

conspiracy to possess with intent to distribute methamphetamine, possession of

methamphetamine with intent to distribute, and distribution of methamphetamine,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  We affirm.

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We are not persuaded that the evidence, when viewed in the light most favorable to the government, was not sufficient to convict Nieves-Cortez of the crimes charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)*; United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (*en banc*). The only elements at issue on appeal were Nieves-Cortez's knowledge and intent. The record contains substantial evidence of Nieves-Cortez's presence at drug transactions and assistance to his wife in possession and distribution of methamphetamines on at least two prior occasions. Defendant also drove his wife to a storage unit where the methamphetamine was stored and then to the transaction which is the subject of this indictment. From this evidence a trier of fact could reasonably infer that Nieves-Cortez possessed the knowledge necessary for each of the crimes charged. Defendant's driving of a van loaded with methamphetamine "provides a substantial basis for a conclusion of knowledge." *See United States v. Dixon*, 460 F.2d 309 (9th Cir. 1972). Moreover, Dr. Harper's testimony regarding Nieves-Cortez's limitations was qualified by his acknowledgment that others with Nieves-Cortez's limited capacity were involved in and aware of drugs.

Nieves-Cortez also challenges the district court's denial of his motion to suppress evidence seized during the execution of a search warrant. This issue is

2

moot, however, because "the government did not introduce any evidence seized [pursuant to that search warrant] at trial." *United States v. Arias-Villanueva*, 998 F.2d 1491, 1502 (9th Cir. 1993) (overturned on other grounds by *United States v. Gaudin*, 515 U.S. 506 (1995)).  Thus, Nieves-Cortez was not prejudiced by the district court's denial of his motion to suppress.  Even if the issue were not moot, we are not persuaded that the district court's denial of the motion to suppress was incorrect.  Despite containing the wrong address, the warrant's description of the place to be searched was sufficiently particular.  No other nearby house met the warrant's detailed description.  There was no risk that the warrant would be executed at the wrong house.  The officer who wrote the affidavit in support of the warrant knew which house it was intended to cover and personally participated in the execution of the warrant.  *See United States v. Mann*, 389 F.3d 869, 876-77 (9th Cir. 2004).

       **AFFIRMED.**